ELIZABETH OLIVE V. EDWIN A. OLIVE, Trustee, Appellant.

**Devise of Income for Support of Wife:** SALE OF PROPERTY DEVISED. Land was devised to trustees to hold, invest, or dispose of in their discretion, and pay the income, profits or proceeds to testator's wife. Some ten years after testator's death the widow brought suit, alleging that there was left only $12,000 of the property, the income of which was insufficient for her support, and seeking an order authorizing the sale of the property and the removal of a trustee who refused to join in making a sale. The answer alleged that the net rental value of the remaining property was $600 per year; that plaintiff had received $15,250 from the estate, besides $725 from her own property; that a sale was neither necessary nor advisable. *Held*, that the averments of the answer constituted a good defense.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, MAY 31, 1902.

ONE Richard Olive died in Greene county in the year 1891, leaving a will, the material provisions of which are as follows: "I give, devise, and bequeath to my executors hereinafter named, in trust, however, only to and for the uses and purpose hereinafter mentioned; and for the purpose of facilitating the winding up and settlement of my estate, and promoting the interest of my devisees, I do hereby fully empower and authorize my said executors,

and the survivor of them, to devise, let, sell, exchange, incumber, convey, all, each, and every part or portion of my real and personal property, and the proceeds of such sales or other disposition of the same, or any part thereof, again, in their discretion, to reinvest in the purchase of other real or personal estate, or in bonds, stock, or other securities, or to lend the same at interest upon real estate or other securities, as may by them be deemed most advisable, and the property and estate to be acquired with such proceeds again to hold upon the same terms, and for the same uses and purposes hereinafter particularly set forth, namely: The real and other estate herein above to my said executors given, devised, and bequeathed is to be held by them, and the survivor of them, in trust, first, to and for the exclusive use and enjoyment thereof, during the term of her natural life, of my dearly beloved wife, Elizabeth, provided she so long remain my widow and unmarried, who is to have and retain the exclusive possession, use, enjoyment, and control thereof, and shall have, use, enjoy the same, and each and every the income, rents, profits, and proceeds arising therefrom, as long as she shall remain unmarried after my death, to and for her own use and behoof." After the wife's death, what remained of the estate was to go to testator's children. The executors appointed were the widow and two sons,—Edwin A., the defendant, and Constantine D. Olive. It is averred in the petition that there now remains of the trust estate but 240 acres of land, of the value of $12,000, the income from which is not sufficient for plaintiff's support; that, in order to provide for plaintiff's wants, it is necessary that such real estate be sold, and a portion of the proceeds devoted to that purpose; that defendant refuses to join in making a sale; and it is asked that he be removed, and the two remaining trustees be authorized to make such sale. An answer was filed, in which it is alleged the net rental value of the land, after paying taxes and making necessary

repairs, is nearly $600 per annum; that, since her husband's death, plaintiff has received from her husband's estate the amount of $15,250, and from sales of her own property $725. It is denied that a sale of the land is either necessary or advisable, and it is asked by defendant that plaintiff account for the money received, and show the disposition made of it. A demurrer to the answer was sustained, and, defendant electing to stand thereon, judgment was rendered removing him as trustee, and ordering the land sold by the remaining trustees, who were authorized and empowered to execute the trust. Defendant appeals.— *Reversed.*

*Russell & Tolliver* for appellant.

*Rose & Henderson* for appellee.

WATERMAN, J.—As appellee has not seen fit to argue the case in this court, we shall enter into no extended discussion of the issues presented, but content ourselves with announcing our conclusions. The case is presented on the theory that the widow is entitled, if necessary for her support, to the principal of the estate; and we shall accept that construction of the will, without question, for present purposes. While the widow was entitled to support, the trustees were vested with a discretion in the matter. The widow was not necessarily to have every demand she made allowed. Others besides the widow were interested in the estate. If plaintiff had already received the large amount stated in the answer, we think it was most proper for defendant to try and ascertain what she had done with it before joining in a sale of the last piece of property owned by the estate. If she was using estate funds for other purposes than satisfying her reasonable personal needs, her demand for more money should have been refused. The answer set up facts which fully justified defendant in

refusing to join in the sale, at least until the widow had made a showing of the disposition made by her of the money already received.   It was a case upon which testimony should have been heard.   Aside from these considerations, it is very doubtful, to say the least, whether a court has a right to remove a trustee in whom a discretion is vested, for a mere failure to act.   Lewin, Trusts, 836, and cases cited.   As this point is not discussed by counsel, we suggest, rather than decide it.

For the reasons given, the judgment is REVERSED.